**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4359**

---

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

     v.

SALOMON PASILLAS ARIAS, a/k/a Mon Pacheco Ruis, a/k/a
Salomon Pasillas-Arias, a/k/a Javier Dela-Cruz, a/k/a
Salomon Pasillas,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Catherine C. Eagles,
District Judge. (1:11-cr-00401-CCE-1)

---

Submitted: January 31, 2013     Decided: February 12, 2013

---

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Mireille P.
Clough, Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Angela H. Miller, Assistant United States Attorney, Elizabeth
Choi, Third Year Law Student, Greensboro, North Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salomon Pasillas Arias, a native and citizen of Mexico, pled guilty pursuant to a written plea agreement to one count of illegal reentry of a deported alien after being convicted of a felony in violation of 8 U.S.C. §§ 1326(a), (b)(1) (2006). The court imposed a departure or variance sentence of twenty-four months' imprisonment. Pasillas Arias appeals, contending that the sentence was unreasonable. We affirm.

This court reviews a sentence imposed by a district court for reasonableness, applying "a deferential abuse-of-discretion standard." United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012) (internal quotation marks omitted). The first step in our review requires us to ensure that the district court did not commit significant procedural error, such as improperly calculating the guidelines range, failing to consider the factors under 18 U.S.C. § 3553(a) (2006), or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then review the sentence for substantive reasonableness, taking into account the totality of the circumstances. See United States v. Strieper, 666 F.3d 288, 292, 295 (4th Cir. 2012).

Pasillas Arias contends that the court erred procedurally in departing upward based on an inadequate criminal history category because the court failed to use the step-by-step approach set forth in United States v. Rusher, 966 F.2d 868 (4th Cir. 1992), and jumped directly from a category III to category V. However, a sentencing court is under no obligation to "incant the specific language used in the guidelines, or go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." Rivera-Santana, 668 F.3d at 104 (quoting United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007)). Further, even if the sentencing court "failed to utilize a proper incremental analysis, any procedural error would be harmless because the upward variance based on the § 3553(a) factors justified the sentence imposed." Id. at 104.

Here the court expressly found that even if the departure was not procedurally sound, the court "would still vary upward to the same effect because of the deportations, the repeated breaking of the law and the need to protect the public from future crime." (J.A. 65). We have held that a "resulting sentence is procedurally reasonable [if] the district court adequately explained its sentence on alternative grounds supporting a variance sentence, by reference to 18 U.S.C.

3

§ 3553(a)." United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009).

Here, the district court found that Pasillas Arias' criminal history category was substantially underrepresented and that category V was more appropriate, taking into account his two prior deportations, his felony death by motor vehicle conviction after repeated speeding and traffic offenses, and numerous uncounted misdemeanors and infractions. Because the district court made an alternative finding that a variance sentence under § 3553(a) was appropriate, after specifically considering the nature and circumstances of the offense, the prior deportations, the repeated breaking of the law and the need to protect the public from future crime, we find that the sentence was procedurally reasonable.

Pasillas Arias next argues that his sentence, which was eight months above the high end of the advisory guidelines range, was substantively unreasonable given the mitigating factors present in his case. A sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). "Even if we would have reached a different sentencing result on our own, this fact alone is insufficient to justify reversal of the district court." United States v.

4

Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (internal quotation marks omitted).

The district court considered arguments from the parties addressing both mitigating and aggravating circumstances, and specifically noted Pasillas Arias' repeated deportations, repeated violations of the law, and the need to protect the public. The court observed that the many misdemeanors and infractions were not accounted for in Pasillas Arias' original sentence calculation, and that the list of traffic violations eventually led to a conviction of felony death by motor vehicle involving alcohol. The court emphasized the need to protect the public from future criminal activity. As such, we find that the court sufficiently referenced the § 3553(a) factors, and conclude that the resulting sentence was substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED